# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARYLYN MARIE WOODS, <br>     Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, *Acting Commissioner of Social Security*, <br>     Defendant. | ) <br> ) <br> ) <br> )     CIVIL ACTION NO. 1:17-00452-N <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on the motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Doc. 21) filed by the Plaintiff, Marylyn Marie Woods (hereinafter, "the Plaintiff"), which requests an award of $3,520.35 in attorney fees from the Defendant Commissioner of Social Security ("the Commissioner"). The Commissioner has filed no response to the motion, and the deadline to do so has passed (*see* Doc. 22). Upon consideration, the Court finds the Plaintiff's motion (Doc. 21) is due to be **GRANTED**.[1]

### I. *Analysis*

"The EAJA provides that the district court 'shall award to the prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial

---

[1] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings in this civil action, including entering judgment and conducting all post-judgment proceedings, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 16, 17).

review of agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Newsome v. Shalala*, 8 F.3d 775, 777 (11th Cir. 1993) (quoting 28 U.S.C. § 2412(d)(1)(A)-(B)) (footnotes omitted). "Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

### a. Timeliness

EAJA "provides that a 'party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses....' 28 U.S.C. § 2412(d)(1)(B) (1982). It is settled that a 'final judgment' means that the judgment is final and not appealable. 28 U.S.C. § 2412(d)(2)(G)." *United States v. J.H.T., Inc.*, 872 F.2d 373, 375 (11th Cir. 1989). Where, as here, "the district court enters a 'sentence four' remand order[ under 42 U.S.C. § 405(g)], that judgment is appealable." *Newsome*, 8 F.3d at 778. "[W]hen a remand was pursuant to sentence four, the 30–day filing period for applications for EAJA fees 'begins after the final judgment ('affirming, modifying, or reversing') is entered by the [district] court and the appeal period has run, so that the judgment is no longer appealable.'" *Id.* (quoting *Melkonyan v. Sullivan*, 501

U.S. 89, 102 (1991)).

Here, final judgment was entered on October 11, 2018 (*see* Doc. 20), and no appeal was taken from that judgment. Because a United States officer sued in an official capacity is a party to this action, the time to appeal expired after Monday, December 10, 2018 – 60 days from the date of entry of final judgment, excluding the date of entry. *See* Fed. R. App. P. 4(a)(1)(B)(iii); Fed. R. App. P. 26(a)(1)(A). Because the Plaintiff filed and served the present motion within 30 days of that date, on December 20, 2018, the motion is timely.[2]

### b. Prevailing Party

An individual qualifies as a "party" under § 2414(d)(1)(A) if the individual's "net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). The Plaintiff alleges as such in her motion (*see* Doc. 21, ¶ 9), and the Commissioner has not disputed that allegation. Thus, the Court finds that

---

[2] Past Eleventh Circuit precedent treated EAJA's timely filing requirement as jurisdictional in nature. *See, e.g.*, *Newsome*, 8 F.3d at 777. This precedent, however, appears to have been abrogated by the Supreme Court's decision in *Scarborough v. Principi*, 541 U.S. 401, 413-14 (2004) ("§ 2412(d)(1)(B) does not describe what classes of cases the C[ourt of Appeals for Veterans Claims] is competent to adjudicate; instead, the section relates only to postjudgment proceedings auxiliary to cases already within that court's adjudicatory authority. Accordingly,…the provision's 30–day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional.' " (citation and some quotation marks omitted)). *See Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 581–82 (6th Cir. 2005) ("[O]ur past precedent characterized the EAJA's time limitation for fee applications as jurisdictional…This precedent, however is overruled by the Supreme Court's recent decision in *Scarborough v. Principi,* 541 U.S. 401, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004), where the Supreme Court held that the EAJA's '30–day deadline for fee applications and its application-content specifications are not properly typed "jurisdictional." ' *Id.* at 1865."). Regardless, the present EAJA motion was timely filed.

the Plaintiff qualifies as a "party" for purposes of EAJA. And because the Plaintiff received a remand of a final decision of the Commissioner under sentence four of 42 U.S.C. § 405(g) (*see* Docs. 19, 20), the Plaintiff is a "prevailing" party under EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Newsome*, 8 F.3d at 777 ("Courts have routinely awarded EAJA attorney's fees to claimants in Social Security cases who satisfy the statutory conditions."); *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990) ("Since the EAJA's enactment, the vast majority of EAJA awards have gone to claimants who succeeded in challenging contrary benefits decisions made by the Secretary of Health and Human Services.").

c. **Substantially Justified Position or Special Circumstances**

An EAJA applicant is only required to allege that the Government's position was "not substantially justified." *Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004). *See also* 28 U.S.C. § 2412(d)(1)(B) (a motion for EAJA fees and expenses must "allege that the position of the United States was not substantially justified"). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person—i.e. when it has a reasonable basis in both law and fact." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (citations and quotations omitted). "The burden of

establishing that the position of the United States was substantially justified…must be shouldered by the Government." *Scarborough*, 541 U.S. at 414-15.

As required, the Plaintiff has alleged in the present motion that "the Defendant's position was not substantially justified." (Doc. 24, ¶ 8). The Commissioner has not attempted to rebut that allegation, and there are no special circumstances apparent from the record which countenance against the awarding of fees. Thus, the Court finds that the Plaintiff is entitled to an award under EAJA.

### d. Amount of Fees

The "fees and other expenses" that a prevailing party is entitled to receive under § 2412(d)(1)(A) "includes…reasonable attorney fees…" 28 U.S.C. § 2412(d)(2)(A). The Plaintiff requests a total EAJA award of $3,520.35 in attorney fees, which are based on 17.7 hours of federal court work performed by Plaintiff's counsel, supported by an itemized time sheet (Doc. 21-1), at an hourly rate of $198.89.

The amount of fees awarded under § 2414(d)(1)(A) must "be based upon prevailing market rates for the kind and quality of the services furnished, except that…attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "The EAJA therefore establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act. The first step in the analysis…is to determine the

market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.' *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The second step, which is needed only if the market rate is greater than $[12]5 per hour, is to determine whether the court should adjust the hourly fee upward from $[12]5 to take into account an increase in the cost of living, or a special factor." *Meyer v. Sullivan*, 958 F.2d 1029, 1033–34 (11th Cir. 1992) (footnote omitted).

> A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman*, 836 F.2d at 1299. The Plaintiff has presented no evidence showing that the requested rate of $198.89 per hour is the appropriate "market rate" for this Court. However, "a court is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303. Based upon its own knowledge and experience, the Court finds that the prevailing market rate in this judicial district for services similar to those performed by the Plaintiff's counsel in this action by lawyers of reasonably comparable skills, experience, and reputation exceeds $125 per hour.

Accordingly, the Court must now determine whether an upward adjustment from that rate is justified "to take into account an increase in the cost of living…"[3] 28 U.S.C. § 2412(d)(2)(A). To make this determination, the Court will apply the often-used formula from this Court's decision in *Lucy v. Astrue*, S.D. Ala. Case No. 2:06-cv-00147-C (Doc. 32), 2007 U.S. Dist. LEXIS 97094 (S.D. Ala. July 5, 2007).[4]

> In *Lucy,* the following formula, based on the [U.S. Department of Labor's Consumer Price Index], was utilized:
>
> ($125/hour) x (CPI–U[5] Annual Average "All Items Index," South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI–U of March 1996, the month and year in which the $125 cap was enacted.
>
> [2007 U.S. Dist. LEXIS 97094,] at *12. The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date of the Magistrate or District Judge's Order and Judgment. *Id.* at *5–6.

---

[3] The Plaintiff does not claim that "a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee[,]" 28 U.S.C. § 2412(d)(2)(A), nor is any readily apparent from the record.

[4] The Eleventh Circuit has held that "a court should describe mathematically the basis of all cost of living adjustments under [EAJA]." *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd*, 496 U.S. 154 (1990). The Plaintiff's motion relies on the *Lucy* formula, and the Commissioner does not object to its application here. Indeed, the *Lucy* formula was jointly proposed by the Commissioner and the plaintiff in that case (*see* S.D. Ala. Case No. 2:06-cv-00147-C (Doc. 31 at 2 – 3)), and the undersigned is unaware of any binding precedent that contravenes the *Lucy* formula, nor of any alternative formula since proposed by the Commissioner.

[5] Consumer Price Index for All Urban Consumers, as determined by the Bureau of Labor Statistics of the United States Department of Labor (https://www.bls.gov/cpi/data.htm).

*Winters v. Astrue*, Civil Action No. 11-00261-CB-B, 2012 WL 1565953, at *2 (S.D. Ala. Apr. 9, 2012), *report and recommendation adopted*, 2012 WL 1556652 (S.D. Ala. Apr. 30, 2012).

The complaint (Doc. 1) in this action was filed on October 6, 2017, and the Court's sentence-four remand order and judgment were entered on October 11, 2018. The number of days between those two dates (i.e. excluding the start and end dates) is 369, and the "temporal midpoint" falls in April 2018. The relevant South Urban CPI–U for April 2018 was 242.486. Plugging that number into the *Lucy* formula renders the following equation: ($125 x 242.486) / 152.4. This equation yields an hourly rate of $198.89, the Plaintiff's requested rate. Thus, the Court finds that rate to be an appropriate hourly rate under EAJA to take into account increases in cost of living.

After considering the itemized timesheet of Plaintiff's counsel (Doc. 21-1), the Court also finds the number of hours billed, 17.7, to be reasonable for the work performed. Thus, the Court will award the Plaintiff attorney fees under EAJA in the requested amount of $3,520.35.

## II. *Conclusion*

In accordance with the foregoing, it is **ORDERED** that the Plaintiff's motion for attorney fees under EAJA (Doc. 21) is **GRANTED** and that Plaintiff Marylyn Marie Woods is awarded from the Defendant Commissioner of Social Security

**$3,520.35** in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.[6]

**DONE** and **ORDERED** this the 18th day of January 2019.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Unless a party requests one by motion, no separate judgment regarding attorney fees shall be forthcoming. *See* Fed. R. Civ. P. 58(a)(3) (judgment need not be set out in a separate document for an order disposing of a motion for attorney's fees).